UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELLO,<br><br>    Respondent. | No. 2:17-cv-1330 AC P<br><br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

    Petitioner appears to challenge the execution of his sentence. The general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). Additionally, "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined." Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Since petitioner was not convicted in this district,[1] and is not presently confined here, this court does not have jurisdiction to entertain the application and will transfer the petition to the proper court. He is presently incarcerated at

---

[1] The underlying conviction occurred in Santa Clara County. ECF No. 1 at 1.

1

California Men's Colony in San Luis Obispo County, which lies in the Central District of California. 28 U.S.C. § 84(c).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California. 28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a).

DATED: July 12, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE